[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST JUDGMENT MOTION FOR COUNSEL FEES
 STATEMENT OF THE CASE
This action was commenced in four counts, the first count requesting a foreclosure of a mechanic's lien, with the remaining counts directed at the defendants for goods and services rendered and unjust enrichment.
Prior to trial, the defendants Dowling and Boileau posted a bond to secure a release of the mechanic's lien on their property.
At the start of trial, plaintiffs counsel advised the court that he was not seeking a foreclosure because a bond had been substituted for the CT Page 1076 lien. He stated that the foreclosure count was withdrawn and he would proceed to seek recovery on the bond. Defense counsel did not respond to that statement.
The court subsequently entered judgment in favor of the plaintiff and he now seeks an award of counsel fees in accordance with that portion of § 52-249 (a) which states:
 "The same costs and fees shall be recoverable as part of the judgment in any action upon a bond which has been substituted for a mechanic's lien."
The defendant objects to the awarding of counsel fees, arguing that when plaintiffs counsel "withdrew" the foreclosure count, there was no count substituted for the foreclosure and thus no count on which counsel fees can be awarded.
 DISCUSSION
Plaintiffs counsel was acting responsibly when he advised the court that foreclosure was not the remedy he was pursuing. Had he requested permission to amend, the court would have granted that request.
The case proceeded without protest from the defendants that there was a bond, and the plaintiff proved that he was entitled to recover on the bond.
The reply filed by counsel for all defendants is attributed to "the defendant" who claims to be prejudiced. In his words, to grant this motion gives the plaintiff "a right he did not have during the trial creates a prejudice to defendant that is unfairly burdensome and an unfair surprise."
The burden and surprise are not specified but the defendants heard plaintiff's counsel address the court and were aware that the court indicated it would consider this issue after trial if the plaintiff prevailed.
A substitution of a bond for a lien is a convenience to the property owner, enabling him to finance, convey, etc. Two of these defendants have received such a benefit.
The court finds no prejudice suffered by the defendants, save that the bond posted will be subject to the plaintiffs claim. They had to know this was the purpose of the bond substitution. CT Page 1077
In the court's view, to adopt the defendants' argument would produce an inequitable result. The court interprets plaintiffs counsel's statements as relinquishing one prayer for relief for another. The court did not accept a withdrawal at trial and concludes that it was not counsel's intent to leave his client with a worthless bond the parties had agreed should replace the lien.
The court will award counsel fees in accordance with § 52-249 (a).
 CONCLUSION
After a careful examination of affidavit of counsel submitted in support of the motion, the court finds $4,003.75 to be a reasonable sum under these circumstances.
A supplemental judgment may enter against the defendants Dowling and Boileau in the amount of $4,003.75.
 ___________________ Anthony V. DeMayo Judge Trial Referee